IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| CURTIS MOSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 314-087 |
| | ) | |
| CHASSITY WATKINS, Correctional | ) | |
| Officer, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), the Court will screen Plaintiff's complaint in compliance with the IFP statute, 28 U.S.C. §§ 1915(e) and 1915A.

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names the following as Defendants in this case: (1) Chassity Watkins, Correctional Officer I; (2) S Mills, Lt., Disciplinary Hearing Officer; (3) Jason Medlin, Warden, Wheeler Correctional Facility; and (4) Ms. FNU McGlynn, Correctional Officer. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 10, 2014, at 11:23 a.m., Defendant Watkins falsely accused Plaintiff of sexual misconduct and masturbating in public. (Id. at 5.) Plaintiff was found guilty of this infraction based upon Watkins written statement in a hearing before Lt. S. Mills. (Id.) He was punished with fourteen days in the special management unit and ninety days of lost telephone, store, and library privileges. (Id.) Plaintiff is innocent of the infraction and there is video evidence showing that he is innocent. (Id.) Watkins knew Plaintiff was innocent but yet pursued disciplinary action. (Id.) Jason Medlin denied Plaintiff's appeal and S. Mills refused to view the video evidence that shows that he is innocent. (Id.) Plaintiff filed a grievance with prison on August 12, 2014 based on these facts. (Id. at 7.)

**B.   DISCUSSION**

**1.   Plaintiff's Allegations that Watkins Was Lying in the Disciplinary Proceeding is Insufficient to State a Due Process Claim**

Sanctions imposed by prison officials on inmates do not implicate due process concerns unless (1) "a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court," or (2) "the state has consistently given a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes [an] atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Here, Plaintiff was placed in segregation for fourteen days and was deprived of some other minor privileges. (Doc. no. 1, p. 5.) Such a punishment does not amount to an infringement of a protected life, liberty, or property interest because it is not an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 486 (placement in segregated confinement for thirty days does not infringe on protected liberty

2

interest); Rodgers v. Singletary, 142 F.3d 1252, 1253 (11th Cir. 1998) (placement in administrative confinement for two months does not infringe on protected liberty interest). Therefore, irrespective of any procedural inadequacies, Plaintiff fails to state a viable due process claim because he was not deprived of a constitutionally recognized interest.

### 2. Plaintiff Fails to State a Claim for Defamation

In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must satisfy two elements. First, Plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. "[R]eputation alone does not implicate any liberty or property interests sufficient to invoke the procedural protection of the Due Process Clause, and something more than simple defamation or slander by a state official must be involved to establish a claim under § 1983." Pilgrim v. Hall Cnty. Det. Ctr., CV 208- 048, 2008 WL 879435, at *2 (N.D. Ga. Mar. 28, 2008) (citing Behrens v. Regier, 422 F.3d 1255, 1259 (11th Cir. 2005)); see Siegert v. Gilley, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under most States, but not a constitutional deprivation.")

As discussed above, Plaintiff's claim relating to Watkin's allegedly false disciplinary report, which lead to fourteen days in isolation, does not involve the deprivation of a constitutionally recognized interest. In addition, Plaintiff's apparent claim of damage to his reputation and character also does not constitute a recognized interest under the Due Process Clause. See Siegert, 500 U.S. at 233. As Plaintiff fails to allege deprivation of a constitutionally

recognized interest in addition to reputational damage, Plaintiff fails to state a claim for defamation in the instant § 1983 action.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of December, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA